# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

JOSE MANUEL GARCIA-GAONA,

Petitioner,

v.

HAROLD WICKHAM, *et al.*,

Respondents.

Case No. 3:17-cv-00360-MMD-WGC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on Respondents' motion to dismiss Petitioner Jose Manuel Garcia-Gaona's pro se petition as untimely (ECF No. 10). Petitioner did not file an opposition or otherwise respond to the motion to dismiss. As discussed below, the Court will dismiss the petition as untimely.

**I.     BACKGROUND**

A jury convicted Garcia-Gaona of three counts of trafficking in a schedule 1 controlled substance. (ECF Nos. 13-6, 13-7, 13-8 (Exhs. 77-79).) The state district court sentenced him to 10 to 25 years on count 1; 12 to 34 months on count 2; and 12 to 34 months on count 3, all to run concurrently. (ECF No. 13-11 (Exh. 82).) Judgment of conviction was entered on May 7, 2013. (*Id.*)

The Nevada Supreme Court affirmed the convictions on direct review, and the Nevada Court of Appeals affirmed the denial of Garcia-Gaona's state postconviction habeas corpus petition. (ECF Nos. 13-33, 14-35 (Exhs. 104, 140).)

Garcia-Gaona dispatched his federal habeas petition for mailing on or about May 23, 2017. (ECF No. 7.) Respondents have moved to dismiss the petition as time-barred. (ECF No. 10.)

///

///

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act ("AEDPA") went into effect on April 24, 1996 and imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. *See* 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. *See* 28 U.S.C. § 2244(d)(2).

A petitioner may be entitled to equitable tolling if he can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009) (quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *See, e.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Ignorance of the one-year statute of limitations does not constitute an extraordinary circumstance that prevents a prisoner from making a timely filing. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

## III. DISCUSSION

Here, Petitioner timely appealed his convictions. (ECF No. 13-12 (Exh. 83).) The Nevada Supreme Court affirmed the convictions on March 12, 2014, and remittitur issued on April 9, 2014. (ECF Nos. 13-33, 13-34 (Exhs. 104, 105).) He filed a state postconviction

2

petition on April 18, 2014. (ECF No. 14-4 (Exh. 110).) The state district court denied the postconviction petition on the merits on April 17, 2015. (ECF No. 14-22 (Exh. 127).) On March 16, 2016, the Nevada Court of Appeals affirmed the denial of the postconviction petition, and remittitur issued on April 11, 2016. (ECF No. 14-36 (Exh. 141).)

The one-year AEDPA limitation period began to run on April 12, 2016, and it expired on April 12, 2017. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 220 (2002). Petitioner dispatched his federal habeas petition for filing on or about May 23, 2017. (ECF No. 7 at 1.) Thus, about 406 days of untolled time passed between the conclusion of Petitioner's state-court proceedings and the date that he filed his federal habeas petition. The federal petition, therefore, is untimely. Petitioner has not opposed the motion to dismiss the petition as untimely or responded to the motion in any way. Accordingly, Respondents' motion to dismiss the petition as time-barred is granted. This petition is dismissed with prejudice.

## IV.   CERTIFICATE OF APPEALABILITY

This is a final order adverse to the Petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this Court to issue or deny a certificate of appealability ("COA"). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). For procedural rulings, a COA will issue only if reasonable jurists could debate: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court's procedural ruling was correct. *See id*.

3

The Court finds that Petitioner cannot satisfy the *Slack* standard. The Court therefore declines to issue a certificate of appealability.

**V. CONCLUSION**

It is therefore ordered that Respondents' motion to dismiss the petition (ECF No. 10) is granted as set forth in this order. The petition is dismissed with prejudice.

It is further ordered that a certificate of appealability is denied.

It is further ordered that the Clerk shall enter judgment accordingly and close this case.

DATED THIS 18th day of December 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4